IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NOLAN KINARD FLOYD, SR.,

    Plaintiff,

v.

BALTIMORE CITY POLICE
DEPARTMENT, *et al.*,

    Defendants.

Civil Action No.: SAG-22-491

**MEMORANDUM OPINION**

    Self-represented Plaintiff Nolan Kinard Floyd, Sr., currently incarcerated at North Branch Correctional Institution ("NBCI"), filed his Complaint in this civil rights actions on March 1, 2022. ECF No. 1. Floyd subsequently filed a Supplement to the Complaint. ECF No. 15. Defendants Sergeant Howard; Detectives Christopher Ott, Valentine Nagovich, Keith Savadel, A. Parker; and the Baltimore Police Department ("BPD") filed a Motion to Dismiss on September 23, 2022. ECF No. 18. Plaintiff was notified of his right to respond (ECF No. 19), and was granted additional time in which to file an opposition to the Motion (*see* ECF No. 26) to and including April 26, 2023. However, to date, the Court has not received any response from Floyd. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Court will grant Defendants' Motion.

**Complaint Allegations**

    Floyd's verified Complaint states that BPD Detectives Ott and Savadel were investigating a "non-fatal shooting" that occurred on February 21, 2019, at 3600 E. Lombard Street. ECF No. 1 at 2. Initially, Floyd alleges that on February 25, 2019, Savadel provided a photo array to "witness/victim" Nikito Gillis at John Hopkins Hospital. *Id.* Floyd alleges that Savadel turned off

the video recording of the interview and failed to investigate whether Gillis' statements were true. *Id.* However, in Floyd's Supplement, he asserts that instead Ott and Nagovich conducted the interview with Gillis and they "stage[d] an agreement to try and have [Floyd] falsely convicted for a first degree attempt[ed] murder." ECF No. 15 at 3. Floyd alleges that they too failed to interview hospital staff to confirm whether Gillis gave a truthful statement. *Id.* The following day, according to Floyd, Ott filed an application for a charging document against Floyd. ECF No. 1 at 3. Floyd alleges that Ott altered the charging document leading to his arrest after it had been signed, noting that there was a "scribble" on a box indicating that there was a lack of probable cause. *Id.*

Floyd states that he had a jury trial in Baltimore City Circuit Court in August 2019. ECF No. 1 at 3. The proceedings ended in a mistrial. *Id.* Floyd asserts that Ott committed perjury and violated his rights to due process. *Id.* Floyd was retried before a jury in March 2022. ECF No. 15 at 3. Apparently referring to the evidence presented at each trial, Floyd states at the first trial the prosecution submitted "the voice of a man reporting what he seen and heard," while at the second trial "a voice of a woman reporting what she seen and heard with a more defined description of the suspect" was presented. *Id.* Floyd also claims that the 911 calls were staged to obtain a false conviction against him; he alleges Parker and Howard were "legally responsible" for the 911 tapes. *Id.* The second trial concluded in Floyd's acquittal. *See* ECF No. 1 at 3; ECF No. 18-4.

Floyd asserts that Defendants' actions violated his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. ECF No. 15 at 4. Floyd seeks declaratory relief and monetary damages. ECF No. 1 at 4.

## Standard of Review

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley*

2

*Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom., McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken

as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. MTA*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## Discussion

Defendants assert that they are entitled to dismissal of the Complaint and Supplement because BPD cannot be held vicariously liable; Floyd fails to plead facts to support a Fourth or Fourteenth Amendment claim; his Fifth, Eighth, and Thirteenth Amendment claims fail; and Defendants are entitled to qualified immunity.

### I. Baltimore Police Department ("BPD")

Defendant BPD seeks to have the Complaint dismissed because BPD cannot be held vicariously responsible for the Defendant Officers' actions. ECF No. 18-2 at 5. Upon review of the Complaint, Floyd names BPD only in the caption of the Complaint. ECF No. 1 at 1. Liability

under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). As there are no factual allegations raised against BPD, it will be dismissed.

### II.     Fifth, Eighth, and Thirteenth Amendment

Floyd asserts that the Defendant Officers' misconduct violated his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Having reviewed the pleadings, the Court finds that Floyd's substantive allegations do not invoke either the Fifth, Eighth, or Thirteenth Amendments. The Court is obligated to liberally construe the Complaint, however, these bare legal conclusions cannot satisfy the basic pleading requirements of Federal Rule of Civil Procedure 8. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, the Court is not required to accept Floyd's categorization of his claims. Even if it were, because Floyd proceeds *in forma pauperis*, dismissal would be required of any insufficiently stated claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Motion to Dismiss will be granted and these claims dismissed for failure to state a claim.

### III.    Fourth and Fourteenth Amendment

Floyd does not specify which of the protections provided by either the Fourth or Fourteenth Amendment he seeks to use as the basis for his claims. The Court will liberally construe Floyd's pleadings as alleging false arrest and failure to investigate under the Fourth Amendment, and a Fourteenth Amendment due process violation.

The Fourth Amendment guarantees, among other things, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures …" U.S. Const. amend IV. It is made applicable to the States through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). The Fourth Circuit has held that "there is no cause of

action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." *Harrison v. Deane*, 426 Fed.App'x 175, 181 (4th Cir. 2011) (quoting *Street v. Surdyka* 492 F.2d 368, 272-73 (4th Cir. 1974)) (internal quotations omitted). Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 230-31 (1983); *Munday*, 848 F.3d at 253; *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988).

Floyd's allegations do not raise his claim above a speculative level and thus do not give rise to a plausible claim for relief. He seems to suppose that Ott and Nagovich (or possibly Savadel, Floyd provides conflicting allegations as to who conducted the photo array with the victim) turned off the video recording of the interview in order to collude with the victim to make false claims against Floyd. However, Floyd does not state what lies the victim told detectives, nor does he state whether the photo array or the victims' alleged false statements served as the basis for his arrest. Floyd also summarily concludes that Ott altered the charging document after it was signed due to a purported scribble on a box indicating a lack of probable cause. Notably, however, Floyd does not actually allege the detectives lacked probable cause, but rather he simply concludes, without support, that the charging document was altered.

Similarly, Floyd's allegation that the detectives failed to thoroughly investigate because they did not interview hospital staff to confirm the veracity of the victim's statements is insufficient to state a claim. The Fourth Amendment does not require that detectives pursue every exculpatory

lead before probable cause exists. *See Miller v. Prince George's Cnty.*, 475 F.3d 621, 630 (4th Cir. 2007) (quoting *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991)). Moreover, Floyd does not allege that further investigation would have revealed exculpatory evidence, nor does he explain why hospital staff, who he does not allege were present at the shooting, would have knowledge of the incident or the veracity of the victim's statements.

Floyd also alleges that Parker and Howard purportedly "staged" 911 calls; this is, as Defendants contend, conjecture at best. *See* ECF No. 18-2 at 9. Floyd includes no facts establishing how Parker and Howard staged these phone calls. He also fails to provide any explanation of how the purported difference in evidence presented at his trials supports his conclusion that the calls were staged. Thus, as Floyd has provided the Court with nothing but suppositions, his Fourth Amendment claims will be dismissed.

Finally, Floyd alleges that Detective Ott perjured himself, violating Floyd's right to due process of law under the Fourteenth Amendment. *See* ECF No. 1 at 3. To the extent he sought to bring a procedural due process claim, he cannot reasonably establish such a claim as there were two trials on the relevant criminal charges and he was ultimately acquitted of those charges. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008) ("Procedural due process is simply the guarantee of fair procedures … typically notice and an opportunity to be heard …") (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) and *Goss v. Lopez*, 419 U.S. 565, 579 (1975)). To the extent he sought to bring a substantive due process claim, it also fails. "[T]he touchstone of [substantive] due process is protection of the individual against arbitrary action of the government." *Mora*, 519 F.3d at 230 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)). The Fourth Circuit has held that "substantive due process violations 'run only to state action so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as

7

to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies.'" *Id.* (quoting *Rucker v. Harford County, Md.*, 946 F.2d 278, 281 (4th Cir. 1991)).  Floyd's general allegations of perjury cannot sustain a substantive due process claim.  Nor can any of his other allegations because, as discussed above, he fails to plead any plausible cause of action.  Therefore, Floyd's pleadings fail to plausibly state a due process violation.

## Conclusion

For the reasons stated herein, Defendants' Motion to Dismiss is granted and the Complaint and Supplement are dismissed.[1]  A separate Order follows.


July 17. 2023                                       _____/s/_____
Date                                                Stephanie A. Gallagher
                                                    United States District Judge

---

[1] As Defendants' Motion will be granted for the foregoing reasons, the Court will not address Defendants' qualified immunity argument.